## Katz v. Baratz, alias Katz, et al.

*Husband and wife—Evidence—Registry of burials—Religious societies— Inadmissibility of letter from Jewish rabbi in Russia to Jewish rabbi in Philadelphia to establish facts of death and burial—Act of March 31, 1837.*

1. On the trial of a bill in equity to rescind a conveyance upon the ground of fraud, where the fraud consisted of a representation by plaintiff's wife at the time of her marriage to the plaintiff that she was a widow, when, in fact, her husband was alive in Russia, and thereby inducing him to make a conveyance of certain real estate to her daughter by her former husband in trust for plaintiff's wife, a letter from a Jewish rabbi in Russia to a Jewish rabbi in Philadelphia to the effect that defendant's former husband had died after the date of the marriage to plaintiff, and that the dates of his death and burial were recorded in the public register of the local Jewish cemetery, is hearsay and inadmissible.

2. The Act of March 31, 1837, P. L. 117, providing that extracts from the registry of burials of any religious society or corporate town in places out of the United States shall be *prima facie* evidence of the death of any person whose burial is therein registered and the time of his interment, if the time is stated in the registry, provided such extracts are duly authenticated in the manner indicated by the act and are accompanied by a certificate of the United States consul, at or near the place from which they are taken, to the effect that the officer certifying to the registry is the proper officer and the mode of authentication the usual mode, does not apply to such a letter, especially where there is no certificate of authentication by the proper officer or by the United States consul.

3. *Semble.* The requirements of the act are not to be relaxed merely because, owing to the absence of diplomatic relations with Russia, such official certificate could not be obtained.

Exceptions to adjudication in equity. C. P. No. 5, Phila. Co., June T., 1923, No. 5656.

*Shapiro & Levinthal,* for plaintiff; *J. H. Finn,* for defendant.

MARTIN, P. J., June 3, 1927.—Plaintiff and the defendant, Lena Baratz, were married on Jan. 16, 1919. They lived together as husband and wife until March 15, 1922.

Plaintiff held title to a house and lot No. 2448 Myrtlewood Street, in the City of Philadelphia, and caused it to be transferred to himself and the defendant, Lena Baratz, who, after the marriage ceremony, was known as Lena Katz. On May 12, 1922, plaintiff and Lena Katz conveyed the property to Celia Baratz, a daughter of Lena Katz by a former husband.

Plaintiff filed the bill in equity in this case against Lena Katz and Celia Baratz, the defendants, alleging that the conveyance to Celia Baratz had been obtained by a fraud practiced upon him by them; that Lena Baratz represented herself to be a widow at the time of her marriage to him, but that her husband was then living, that the marriage to plaintiff was void, and the conveyance to Celia Baratz made by plaintiff for the benefit of Lena

Baratz, whom he believed to be his lawful wife, in settlement of any claim for support she might have, was fraudulent; that plaintiff and Lena Baratz agreed to separate, but when the conveyance was made to Celia Baratz plaintiff had no knowledge that the former husband of Lena Baratz was living at the time of the marriage ceremony between him and Lena Baratz; that Celia Baratz, the grantee in the deed, knew of the fraud practiced upon plaintiff in leading him to believe his marriage to her mother was lawful.

The bill contained prayers for an order requiring Celia Baratz to reconvey the property to plaintiff, for an injunction restraining alienation or mortgaging of the property, and for general relief.

Answers were filed by the defendants, denying the fraud, averring that Lena Baratz was a widow at the time of the marriage to plaintiff, and that the conveyance to Celia Baratz was made for a valuable considertion paid in cash by her to plaintiff.

Replications were filed and the case proceeded to trial.

For the purpose of proving that the former husband of Lena Baratz was alive at the date when the marriage was celebrated between plaintiff and Lena Baratz, a letter was placed in evidence, subject to objection by counsel for the defendants, purporting to have been written by the rabbi of a Jewish congregation in the town of Oumagne, Russia, and received by a rabbi of a Jewish congregation in Philadelphia. The letter was in Hebrew, and was a reply to a request sent to the Russian rabbi by the Philadelphia rabbi for the date of the death of the husband of the defendant, Lena Baratz. The translation stated "that the mute Elijah the son of Hillel Baratz of the City of Oumagne, who was popularly called Baratz the mute, and who was the husband of the woman Luba, who left for America a number of years ago, died in the City of Oumagne on the 22nd day of Kisleb, in the year 5682 (December 23, 1921), and it is recorded in the public register that he was buried in the local Jewish cemetery, row 18, grave number 88."

Plaintiff rested the claim upon this letter that he was not lawfully married to Lena Baratz, by reason of the fact that her former husband was living when the marriage to plaintiff was celebrated; and it is claimed that both mother and daughter knew the former husband was living at the time of the marriage to plaintiff through rumors among associates who had immigrated from Oumagne to Philadelphia and were acquainted with the former husband.

In support of the admissibility of the letter as evidence, plaintiff relied upon the 20th section of the Act of March 31, 1837, P. L. 117, which provides that: "The registry of burials of any religious society or corporate town, in places out of the United States, shall be *prima facie* evidence of the death of any person whose burial is therein registered, and of the time of his interment, if the time be stated in the registry, and extracts from such registry, certified by the proper officers, in the mode of authentication usual in the place in which they are made, shall be received as copies of such registries and be evidence accordingly, and the certificate of the consul of the United States, at or near to the place from which they are taken, under his hand and consular seal, testifying that the officer certifying is the proper officer, and the mode of authentication the usual mode, shall be *prima facie* evidence that they are so." There is a further provision that: "If any such extract shall be in a foreign language, a translation thereof into English, made by the said consul, a certificate by him under his hand and consular seal to be a translation, shall be received as *prima facie* evidence that it is so."

There are no diplomatic relations between Russia and the United States and no United States consul is located at or near Oumagne. The letter is not

Katz *v.* Baratz, alias Katz, et al.

the register of burial of any religious society or an extract from such register. It is a statement over the signature of a rabbi that there is such a register; but there is no certificate of authentication by the proper officers or by a consul of the United States, as required by the act. The act does not authorize the admission of such a letter in evidence. The objection to its admission should have been sustained.

With the letter eliminated, there is no legal proof that Elijah Baratz was the former husband of Lena Baratz, or that he was living when she married plaintiff, and no competent evidence was presented to invalidate the marriage between plaintiff and the defendant, Lena Baratz.

The claim by plaintiff to have the property restored to him is based on the deception alleged to have been practiced upon him, but in the absence of proof of the fact to establish the fraud, the case must fall.

It is unnecessary to consider in detail all of the numerous exceptions filed to the adjudication. The chancellor found in favor of the plaintiff.

And now, to wit, June 3, 1927, it is ordered and decreed that the bill in equity filed by Joseph Katz be dismissed, and that the plaintiff pay the costs.

NOTE.—The discussion of other exceptions is omitted.